UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIBERTO RODRIGUEZ,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17cv1788 DMS(WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

On August 28, 2014, Plaintiff Filiberto Rodriguez ("Plaintiff") filed an application for disability income benefits alleging a disability onset date of November 1, 2013. (Administrative Record ("AR") at 27.) Plaintiff's claim was denied initially, after which he requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Mark Greenberg held a hearing on December 19, 2016. Attorney David Shore represented Plaintiff at the hearing. The ALJ heard testimony from Plaintiff, through a Spanish language interpreter, and vocational expert ("VE") Behnush Barzegarian. On February 15, 2017, ALJ Greenberg issued a written decision finding Plaintiff not disabled. (*Id.* at 27-38.) Plaintiff filed a request for review of that decision, which the Appeals Council denied on April 7, 2017.

Plaintiff filed the present case on September 5, 2017. Plaintiff now moves for reversal or remand of Defendant's decision to deny him benefits. Defendant Nancy A. Berryhill, in her capacity as Acting Commissioner of the Social Security Administration, opposes Plaintiff's motion and cross-moves for summary judgment. For the reasons discussed below, the Court grants Plaintiff's motion for summary judgment, and denies Defendant's cross-motion for summary judgment.

# I.

# BACKGROUND

Plaintiff is a 63 year old male with past relevant work experience as a welder, maintenance mechanic and small engine mechanic. He has a history of degenerative disc disease, obesity, joint pain, headaches, hypothyroid, shoulder injury, depression/anxiety and degenerative joint disease. At the hearing on Plaintiff's application for benefits, the ALJ asked the VE about Plaintiff's past relevant work, and she stated Plaintiff's past relevant work included the jobs of welder, 819.384-010, SVP 6, skilled, medium exertion, (*id.* at 54), small engine mechanic, 625.281-034, SVP 6, skilled, medium exertion, and maintenance mechanic, 638.281-014, SVP 7, skilled, heavy exertion. (*Id.* at 54-56.) The ALJ then asked the VE if Plaintiff could perform his past relevant work assuming a residual functional capacity ("RFC") limited to medium work with frequent postural activities; occasional ladders, ropes or scaffolds; frequent reaching, handling, fingering; frequent exposure to extreme cold or vibration; sitting no more than 45 minutes at one time, standing no more than 45 minutes at one time, walking no more than 30 minutes at one time[,] (*id.* at 57), after which Plaintiff has to sit for at least 10 minutes. (*Id.* at 58.) The VE testified Plaintiff could still perform the jobs of welder and small engine mechanic. (*Id.* at 58-59.) In his written decision, the ALJ found the VE's testimony was consistent with the Dictionary of Occupational Titles ("DOT"), and he accepted her testimony. (*Id.* at 37.) He then found Plaintiff was able to perform his past relevant work as a welder and a small engine mechanic as actually and generally performed, and maintenance mechanic as actually performed. (*Id.*)

# II.

# DISCUSSION

Plaintiff raises two arguments in his motion for summary judgment. First, he argues the ALJ's finding that Plaintiff could perform his past relevant work as a welder, small engine mechanic and maintenance mechanic, as actually and generally performed, is not supported by substantial evidence. Second, Plaintiff asserts the ALJ erred by not asking the VE whether her testimony was consistent with the DOT. Defendant does not dispute the ALJ erred in finding Plaintiff could perform his past relevant work as a maintenance mechanic. (Mem. of P. & A. in Supp. of Def.'s Mot. at 4.) She also does not dispute that Plaintiff could not perform his past relevant work as a welder, as actually performed. (*Id.* at 5.) She does dispute that the ALJ erred in finding Plaintiff could perform his past relevant work as a welder, as generally performed, and as a small engine mechanic, both as actually performed and generally performed. Defendant does not address Plaintiff's argument that the ALJ erred by failing to ask the VE whether her testimony was consistent with the DOT.

## A. Legal Standard

Under the Social Security Act, "disability" is defined as the: "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the claimant "is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A). In addition, the impairment must result "from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory techniques." 42 U.S.C. § 423(d)(3).

A court cannot set aside a denial of benefits unless the Commissioner's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Martinez v.*

*Heckler*, 807 F.2d 771, 772 (9th Cir. 1986); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).

To determine whether substantial evidence exists to support the ALJ's decision, a court reviews the record as a whole, not just the evidence supporting the decision of the ALJ. *Walker v. Matthews*, 546 F.2d 814, 818 (9th Cir. 1976). A court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). In short, a court must weigh the evidence that supports the Commissioner's conclusions and that which does not. *Martinez*, 807 F.2d at 772.

If there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is evidence on the other side, *Hall v. Secretary*, 602 F.2d 1372, 1374 (9th Cir. 1979), and even when the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). If supported by substantial evidence, the findings of the Commissioner as to any fact will be conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).

**B.  Past Relevant Work**

At step four of the disability determination process, "claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citations omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. This is done by looking at the residual functional capacity and the physical and mental demands of the claimant's past relevant work." *Id.* at 844-45 (citations omitted).

/ / /

/ / /

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62.

### 1. Welder and Small Engine-Mechanic, As Generally Performed

"[T]he best source for how a job is generally performed is usually the Dictionary of Occupational Titles." *Pinto*, 249 F.3d at 845. The DOT describes the job of "welder, combination" and "small-engine mechanic" "as "medium work." DOT 819.384-010, 625.281-034.

> A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time.

SSR 83-10. The language requirements of the jobs are described as:

> Level 3 – READING: Read a variety of novels, magazines, atlases, and encyclopedias. Read safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures in mechanical drawing and layout work. WRITING: Write reports and essays with proper format, punctuation, spelling, and grammar, using all parts of speech. SPEAKING: Speak before an audience with poise, voice control, and confidence, using correct English and a well-modulated voice.

DOT 819.384-010, 625.281-034.

Here, Plaintiff argues there was insufficient evidence he could meet the standing/walking and language requirements of these jobs, as generally performed. Notably, Plaintiff does not dispute the ALJ's assessment of his RFC, which limited him to "sitting, standing, or walking 45 minutes at one time, after which he has to change position

for up to 10 minutes." (AR at 32.) With that RFC, Plaintiff would be able to stand or walk for at least 6 hours in an 8-hour workday, as required for medium work.

Plaintiff attempts to manufacture a conflict between the testimony of the VE and the DOT by stating he must be allowed to sit after standing or walking for 45 minutes. In other words, Plaintiff argues the VE's testimony includes a sit/stand option whereas the DOT does not. However, the record does not support Plaintiff's argument. There is nothing in the VE's testimony, or the ALJ's RFC finding, that requires Plaintiff be provided a "sit/stand" option, which generally allows "a claimant, at-will throughout the day, to alternate between sitting and standing and for possible lengthy periods of time each, and with no limitation that the claimant remain at the work station and/or be on task in the transitions." *Welsh v. Berryhill*, No. CV 17-4565 JC, 2018 WL 3017530, at *4 (C.D. Cal. June 13, 2018). The absence of any actual conflict refutes Plaintiff's argument that the ALJ erred here.

Next, Plaintiff argues there was insufficient evidence he satisfies the language requirements of these jobs. As stated above, both of these jobs are described as Language Level 3, which requires the use of "correct English[.]" Here, Plaintiff testified, through a Spanish-language interpreter, that he spoke "[v]ery little" English. (AR at 46.) Plaintiff's limited English speaking skills "does not by itself make him disabled." *Herrera v. Colvin*, No. CV 14-2306-KES, 2015 WL 5446001, at *2 (C.D. Cal. Sept. 16, 2015). "Indeed, Plaintiff's past relevant work is a testament to his employability despite his inability to speak English." *Id.* Nevertheless, "[i]lliteracy seriously impacts an individual's ability to perform work-related functions such as understanding and following instructions, communicating in the workplace, and responding to appropriate supervision." *Pinto*, 249 F.3d at 846. Thus, an ALJ is "required to consider the impact of a claimant's English illiteracy upon his ability to find and perform jobs listed in the DOT." *Herrera*, 2015 WL 5446001, at *2 (citing *Pinto*, 249 F.3d at 846-47).

Here, the ALJ did not do so. Indeed, his hypothetical to the VE failed to include any mention of Plaintiff's limited ability to speak English. The VE's testimony that Plaintiff

could perform these jobs despite his language restrictions is, therefore, in conflict with the DOT. In light of that conflict, the ALJ had an obligation to inquire into the conflict. SSR 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). He failed to do so, which was error. *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015).[1]

2. Small-Engine Mechanic, As Actually Performed

Plaintiff's last argument is that there is insufficient evidence to support the ALJ's finding that he could return to his past relevant work as a small-engine mechanic as he actually performed that job. Specifically, Plaintiff asserts the ALJ failed to make sufficient findings as to the physical and mental demands of that job, as actually performed, in contravention of SSR 82-62.

The Court agrees. As Plaintiff points out, it appears the small-engine mechanic position was based on Plaintiff's employment at Cart Mart. Plaintiff testified he was a mechanic at Cart Mart, where he repaired "golf carts, electrical and gasoline and things like that for electrical carts." (AR at 47.) He testified that lifting was involved in those repairs, specifically lifting 40 to 50 pounds. (*Id.* at 55-56.) These statements, however, were the only evidence on Plaintiff's job at Cart Mart. The ALJ failed to elicit testimony on any other physical demands of the job, and failed to elicit any testimony whatsoever on the mental demands of the job, as he was required to do under SSR 82-62. Under these circumstances, the ALJ's decision must be reversed because it is not based on substantial evidence. *See Burns v. Astrue*, No. EDCV 09-1686-JEM, 2010 WL 4795562, at 7-8 (C.D. Cal. 2010) (reversing ALJ's decision that plaintiff could perform past relevant work as actually performed because decision "was not developed and explained fully" and "not based on substantial evidence.")

///

---

[1] Defendant suggests that any error by the ALJ was harmless. Defendant is correct that this error is subject to harmless error review, *Massachi*, 486 F.3d at 1154 n.19, but it was not harmless, as explained below.

## III.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is granted, and Defendant's cross-motion for summary judgment is denied. This case is REMANDED for further proceedings consistent with this opinion. *See Peraza v. Colvin*, No. 13-cv-03038-NJV, 2014 WL 1247723, at *9 (N.D. Cal. Mar. 26, 2014) ("Where the record has not been fully developed, where further administrative proceedings will be useful, and where outstanding issues exist that must be resolved before a determination of disability can be made, remand is the appropriate remedy.") The Clerk shall enter judgment accordingly, and terminate this case.

**IT IS SO ORDERED**.

Dated: September 11, 2018

Hon. Dana M. Sabraw
United States District Judge